UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:16-CV-1993 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ROYAL HIGHLANDS STREET AND LANDSCAPE MAINTENANCE CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Royal Highlands Street and Landscape Maintenance Corporation's ("RHS") motion to dismiss. (ECF No. 8). Plaintiff Bank of New York Mellon ("BNYM") filed a response (ECF No. 12), and RHS filed a reply and errata (ECF Nos. 14, 15).

**I.    Introduction**

At issue in this case are the disputed property interests in the wake of a February 13, 2013, nonjudicial HOA foreclosure sale of the real property at 11080 Kilkerran Court, Las Vegas, Nevada 89141. (ECF No. 1). Notably, BNYM initiated this case on August 22, 2016. (*Id.*).

BNYM asserts four claims: (1) quiet title/declaratory judgment against all defendants; (2) breach of Nevada Revised Statutes ("NRS") § 116.1113 against RHS and Alessi & Koenig, LLC ("Alessi"); (3) wrongful foreclosure against RHS and Alessi; and (4) injunctive relief against SFR. (*Id.*).

**II.    Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

. . .

### III. Discussion

#### A. *Statute of limitations*

Over three years have elapsed between the contested foreclosure sale and the initiation of this action. (ECF No. 1). Thus, plaintiff's claims under NRS 116.1113 and wrongful foreclosure are time barred and will be dismissed with prejudice. *Bank of Am., N.A. v. Bar Arbor Glen at Providence Homeowners Ass'n*, No. 2:16-cv-253-JCM-GWF, 2017 WL 1550226, at *4 (D. Nev. Apr. 28, 2017); *see also* Nev. Rev. Stat. § 11.190(3)(a); (ECF No. 1) (alleging pecuniary damages).

#### B. *Injunctive relief as a claim*

The court will also dismiss plaintiff's claim for injunctive relief because it is merely a remedy, not a basis for liability. *Bar Arbor Glen at Providence Homeowners Ass'n*, 2017 WL 1550226, at *5.

#### C. *Quiet title/declaratory relief*

As an initial matter, this claim is not subject to the typical mediation requirement because "[a] claim to quiet title is not a civil action under NRS 38.300(3)." *Id.* at *3.

In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

Plaintiff's complaint fails to explicitly allege the date it acquired its asserted interest in the property. *See* (ECF No. 1) ("The senior deed of trust was assigned to BNY Mellon via an assignment of deed of trust."). Therefore, the court is unable to assess whether plaintiff has sufficiently alleged standing in this action because plaintiff has not clearly stated that it acquired its interest before or after the underlying foreclosure sale. *See U.S. Bank National Ass'n v. Mission Pointe Homeowners Ass'n*, No. 2:15-cv-123-JCM-CWH, 2017 WL 3037428, at *2 (D. Nev. July 18, 2017) (citing *Ditech Fin. LLC, v. Saticoy Bay LLC Series 4683 Califa*, No. 2:17-CV-757-JCM-

**James C. Mahan**
**U.S. District Judge**

NJK, 2017 WL 2871068, at *2 (D. Nev. July 3, 2017)) ("[T]he Bank has not shown that it has standing to bring its claim because the causal connection between the injury and contested action is interrupted by the Bank's acquisition of its purported interest years after the sale."). Thus, plaintiff has not offered sufficient alleged facts in its complaint to support a claim of superiority of title.

**IV.     Conclusion**

In sum, plaintiff's claims under NRS 116.1113, wrongful foreclosure, and injunctive relief will be dismissed with prejudice. Plaintiff's quiet title/declaratory judgment claim will be dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that RHS's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BNYM's NRS 116.1113, wrongful foreclosure, and injunctive relief claims be, and the same hereby are, DISMISSED with prejudice.

IT IS FURTHER ORDERED that BNYM's quiet title/declaratory judgment claim be, and the same hereby is, DISMISSED, without prejudice.

IT IS FURTHER ORDERED that if BNYM wishes to request leave to file an amended complaint, it must do so within fourteen (14) days of the date of this order.

DATED August 2, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge