UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>ROYAL HIGHLANDS STREET AND LANDSCAPE MAINTENANCE CORPORATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-1993 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Bank of New York Mellon's ("BNYM") motion for leave to file an amended complaint. (ECF No. 53). Defendant SFR Investments Pool 1, LLC, ("SFR") filed a response (ECF No. 54), to which plaintiff replied (ECF No. 56).

Also before the court is plaintiff's motion for leave to file a supplemental brief regarding plaintiff's motion for summary judgment. (ECF No. 60).

**I.     Background**

The parties are familiar with the facts of the case, as the court has already issued an order on defendant Royal Highlands Street and Landscape Maintenance Corporation's ("RHS") motion to dismiss. *See* (ECF No. 52). In the court's order granting defendant RHS's motion to dismiss, the court stated "if BNYM wishes to request leave to file an amended complaint, it must do so within fourteen (14) days of the date of this order." *Id.*

**James C. Mahan**
**U.S. District Judge**

On August 16, 2017, fourteen days after the court's order granting defendant's motion to dismiss, plaintiff filed a motion for leave to amend its complaint. (ECF No. 53). On November 20, 2017, plaintiff filed a motion for summary judgment.[1] (ECF No. 57).

**II.     Legal standard**

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

However, "a request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b)," rather than Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Rule 16(b) and Local Rules 6-1 and 26-4 require a showing of "good cause" before modifying a scheduling order. *See id.*; Fed. R. Civ. P. 16(b); LR 6-1; LR 26-4. Only when the movant establishes good cause to modify a scheduling order under Rule 16 does the court consider whether amendment is proper under Rule 15. *See Johnson*, 975 F.2d at 609.

The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the

---

[1] Also on November 20, 2017, defendant SFR filed a motion for summary judgment. (ECF No. 58).

extension." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted).

## III. Discussion

### a. Motion to amend

Here, the court did not grant defendant's motion to dismiss plaintiff's complaint until August 2, 2017. (ECF No. 52). The court gave plaintiff fourteen (14) days from the date of the order to file an amended complaint. *Id.* Plaintiff complied with this deadline. (ECF No. 53). However, plaintiff's motion as written does not meet the requirements of Rule 16(b) for modifying a scheduling order.

Plaintiff's motion does not demonstrate diligence in seeking to supplement its complaint. As defendant notes, plaintiff does not state when it obtained information regarding allegedly sufficient tender from the prior servicer of the note. Plaintiff asserts that it did not know prior to the date of this court's order that its complaint was deficient. (ECF No. 53). This may be true as to the issue of standing, but it does nothing to explain why plaintiff did not attempt to amend its complaint or amend the pretrial schedule upon receipt of the tender information it now offers to revise the complaint.[2] As plaintiff has not demonstrated diligence, the court will deny plaintiff's motion without considering the arguments regarding prejudice. *See Johnson*, 975 F.2d at 609.

The court will deny plaintiff's motion without prejudice. As plaintiff's motion notes, amendment is not futile. (ECF No. 53). Although plaintiff's motion includes statements regarding tender for which plaintiff did not demonstrate diligence in seeking to revise its complaint, plaintiff's motion and proposed amended complaint also specifically address the problems identified in the court's order on defendant's motion to dismiss. Denial without prejudice is appropriate here.

---

[2] The court's order on defendant RHS' motion dismissed plaintiff's complaint without prejudice, as plaintiff failed to adequately demonstrate that it acquired an interest in the property sufficient to assert standing to sue. (ECF No. 52).

*b. Motion for leave to file supplemental brief*

The court will deny plaintiff's motion for leave to file supplemental brief. The cases upon which plaintiff relies were decided prior to the filing of plaintiff's motion for leave to file. Further, as dispositive briefing has not concluded in the case, plaintiff and defendants may briefly analyze the impact of the referenced cases in their respective filings.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for leave to file an amended complaint (ECF No. 53) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file supplemental brief (ECF No. 60) be, and the same hereby is, DENIED.

DATED December 13, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -