UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:16-CV-1993 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ROYAL HIGHLANDS STREET AND LANDSCAPE MAINTENANCE CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of New York Mellon's ("plaintiff") second motion for leave to file its first amended complaint. (ECF No. 64). Defendants have not filed a response, and the deadline for doing so has since passed.

**I. Background**

The parties are familiar with the facts of the case, as the court has already issued an order on defendant Royal Highlands Street and Landscape Maintenance Corporation's ("RHS") motion to dismiss. *See* (ECF No. 52). In the court's order granting defendant RHS's motion to dismiss, the court stated "if BNYM wishes to request leave to file an amended complaint, it must do so within fourteen (14) days of the date of this order." *Id.*

Plaintiff filed its first motion for leave to file amended complaint on August 16, 2017. (ECF No. 53). On December 13, 2017, the court entered an order denying plaintiff's motion without prejudice. (ECF No. 63). Five days later, on December 18, 2017, plaintiff filed the instant motion for leave to file an amended complaint. (ECF No. 64).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

However, "a request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b)," rather than Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Rule 16(b) and Local Rules 6-1 and 26-4 require a showing of "good cause" before modifying a scheduling order. *See id.*; Fed. R. Civ. P. 16(b); LR 6-1; LR 26-4. Only when the movant establishes good cause to modify a scheduling order under Rule 16 does the court consider whether amendment is proper under Rule 15. *See Johnson*, 975 F.2d at 609.

The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted).

. . .

James C. Mahan
U.S. District Judge

### III. Discussion

On December 13, 2017, the court entered an order denying plaintiff's first motion to amend on the grounds that plaintiff did not demonstrate diligence. (ECF No. 63 at 3). However, the court denied plaintiff's motion without prejudice, stating:

> As plaintiff's motion notes, amendment is not futile. (ECF No. 53). Although plaintiff's motion includes statements regarding tender for which plaintiff did not demonstrate diligence in seeking to revise its complaint, plaintiff's motion and proposed amended complaint also specifically address the problems identified in the court's order on defendant's motion to dismiss. Denial without prejudice is appropriate here.

(*Id.*)

Plaintiff has attached a proposed amended complaint to its motion in accordance with Local Rule 15-1(a). (ECF No. 64-1). In it, plaintiff has cured the deficiencies noted by the court by removing allegations regarding tender and thoroughly alleging that it acquired its interest in the property before the foreclosure sale. (*Id.*)

As plaintiff explains in its motion, plaintiff did not delay in filing its motion, amendment will not prejudice any party or unduly delay this case, and plaintiff does not bring this motion in bad faith or a dilatory motive. (ECF No. 64 at 6). Furthermore, as previously noted by the court, amendment is not futile. (ECF No. 63 at 3). Therefore, the court finding good cause, and defendants failing to respond to the instant motion, plaintiff's second motion for leave to file its first amended complaint (ECF No. 64) shall be granted.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Bank of New York Mellon's second motion for leave to file its first amended complaint (ECF No. 64) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that plaintiff shall file, within seven (7) days from the entry of this order, a first amended complaint identical to that attached to their motion to amend (ECF No. 64-1).

DATED August 29, 2018.

_____
UNITED STATES DISTRICT

**James C. Mahan**
**U.S. District Judge**